J-S09028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DELOATCH | : | |
| | : | |
| Appellant | : | No. 1953 EDA 2021 |

Appeal from the PCRA Order Entered September 7, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0603841-1990.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 26, 2022**

Anthony DeLoatch appeals *pro se* from the order denying his latest petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely filed. 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On August 15, 1990, DeLoatch was convicted at a bench trial of first-degree murder and related charges.  On March 1, 1994, the trial court sentenced him to an aggregate term of life in prison.  This Court affirmed DeLoatch's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. DeLoatch*, 665 A.2d 1298 (Pa. Super. 1995) (non-

_____

[*] Former Justice specially assigned to the Superior Court.

precedential decision), *appeal denied*, 668 A.2d 1122 (Pa. 1995). DeLoatch did not seek further review.

Over the next decades, DeLoatch filed a total of seven PCRA petitions that were either dismissed on the merits or found to be untimely filed. On March 12, 2019, DeLoatch filed the PCRA petition at issue, his eighth. On June 9, 2021, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss DeLoatch's petition without a hearing. DeLoatch did not file a response. By order entered on September 7, 2021, the PCRA court denied DeLoatch's petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

DeLoatch raises the following issues:

1. Has the [PCRA court's] failure to determine whether a violation of the Constitution of this Commonwealth and the Constitution or Laws of the U.S. has occurred, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place amounted to a denial of due process of law because of the PCRA's due diligence requirement[?]

2. Has the [PCRA court's] failure to specifically address the claims raised in [DeLoatch's] PCRA petition related to ineffective assistance of counsel, which in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place amounted to a denial of due process that is constitutionally guaranteed because of its application of an illegal due diligence requirement when [DeLoatch] is raising a [***Brady v. Maryland***, 373 U.S. 83 (1963)] claim[?]

3. Has the [PCRA court's] failure to review [DeLoatch's] PCRA claim of improper obstruction of government officials of [DeLoatch's] right of appeal where a

- 2 -

meritorious issue of appealability existed and was properly preserved amounted to an unconstitutional denial of due process because it applied the due diligence requirement of the PCRA when he was raising a [**Brady**] claim[?]

4. Did the [PCRA court's] application of the PCRA's due diligence requirement create an illegal bar to [DeLoatch's] ability to raise any [**Brady**] claim that effectively denies him due process of law and equal protection of the law guaranteed by the state and federal constitutions[?]

5. When a [PCRA] petitioner raises a [**Brady**] violation, is it the court's constitutional duty to first determine if a [**Brady**] violation has occurred before applying the due diligence standards to determine cognizability under the PCRA requirements[?]

DeLoatch's Brief at 4-5 (excess capitalization omitted).

Before addressing these issues, we must first determine whether the record supports the PCRA court's conclusions that his latest PCRA petition was untimely filed, and that he failed to establish a time-bar exception.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional

right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). Moreover, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, DeLoatch's judgment of sentence became final on January 11, 1996, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13. **Commonwealth v. DeLoatch**, 161 A.3d 374 (Pa. Super. 2017), non-precedential decision at 3. The instant petition, filed in 2019, is patently untimely.

DeLoatch has failed to plead and prove a time-bar exception. Indeed, although he based his time-bar exception argument below on a **Brady** violation, this claim has been twice raised and rejected in previous PCRA petitions. **DeLoatch**, **supra**, unpublished memorandum at 3 (affirming dismissal of DeLoatch's sixth PCRA as untimely because Deloatch attempted

to reintroduce a *Brady* violation that he had previously litigated in his third PCRA petition).

In his brief, DeLoatch relies on the Third Circuit's decision in *Dennis v. Sec'y*, *Pennsylvania Dept. of Corr.*, 834 F.3d 263 (3rd Cir. 2016) (*en banc*) to argue that he was not required to prove due diligence to establish a time-bar exception based on a *Brady* violation. As our Supreme Court has noted, however, Pennsylvania appellate courts are "bound by decisions of the U.S. Supreme Court, not the opinions of the inferior federal courts." *Commonwealth v. Natividad*, 200 A.3d 11, 38 n.18 (Pa. 2019) (citation omitted). Thus, the *Dennis* decision does not render DeLoatch's latest PCRA petition timely.

In sum, because DeLoatch has failed to plead and prove an exception to the PCRA's time bar, the PCRA court correctly concluded that it lacked jurisdiction to consider the merits of Deloatch's claims. *Derrickson*, *supra*. We therefore affirm the order denying him post-conviction relief.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/26/2022</u>